IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| CODY BROWN, ) | |
|     Plaintiff, ) | |
| v. ) | Case No. 4:23-cv-00307-JM |
| TRANSCO LINES, INC. ) | |
|     Defendant. ) | |

**DEFENDANT TRANSCO LINES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Transco Lines, Inc. ("Defendant"), by and through its attorney, Kerri E. Kobbeman of Conner & Winters, LLP, for its Answer to the Original Complaint by Plaintiff Cody Brown ("Plaintiff"), states and alleges as follows:

### I.   PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendant for violations of the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

**ANSWER:** Defendant admits that Plaintiff seeks to bring this action for violations of provisions of the AMWA but denies that any such violations occurred.

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the AMWA.

**ANSWER:** Defendant admits that Plaintiff seeks a declaratory judgment and to recover monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs but denies that any violation of the AMWA occurred and denies that Plaintiff is entitled to the relief sought.

## II.   JURISDICTION AND VENUE

3. The causes of action alleged in this suit and the facts supporting such causes of action arose in the state of Arkansas, and more specifically in Pulaski County.

**ANSWER:** Defendant denies the allegations in Paragraph 3 of the Complaint.

4. Therefore, this Court has subject matter jurisdiction and personal jurisdiction over the issues and persons before it.

**ANSWER:** Defendant admits that this Court has subject matter jurisdiction and personal jurisdiction over the claims in Plaintiff's complaint but denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. Venue is proper pursuant to Ark. Code Ann. § 16-60-101.

**ANSWER:** Defendant admits that venue is proper in this Court but denies the remaining allegations contained in Paragraph 5 of the Complaint.

## III.   THE PARTIES

6. Plaintiff is an individual and resident of Yell County.

**ANSWER:** Defendant lacks information sufficient to form knowledge or belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and, therefore, denies the allegations contained in Paragraph 6 of the Complaint.

7. Defendant is a domestic, for-profit corporation.

**ANSWER:** Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. Defendant's registered agent for service of process is Ryan B. Jones at 401 North Arkansas Avenue, Russellville, Arkansas 72801.

**ANSWER:** Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendant maintains a website at http://transcolines.com/.

**ANSWER:** Defendant admits the allegations contained in Paragraph 9 of the Complaint.

## IV.   FACTUAL ALLEGATIONS

10. At all relevant times herein, Defendant was an "employer" of Plaintiff within the meaning of the AMWA.

**ANSWER:** Defendant admits that Mr. Brown is a former employee of Defendant but denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Within the two years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

**ANSWER:** Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. Plaintiff was employed by Defendant within the two years preceding the filing of this lawsuit.

**ANSWER:**   Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13.   Specifically, Plaintiff worked for Defendant as a Recovery Driver from December of 2021 until February of 2022, and again from March of 2022 until April of 2022.

**ANSWER:**   Defendant admits that Plaintiff was employed as a driver for Defendant from December 2021 until February 2022, and again from March 2022 until April 2022. Defendant denies the remaining allegations in Paragraph 13 of the Complaint.

14.   Plaintiff's primary duty was to transport abandoned trucks from around the country back to Defendant's facilities in North Little Rock.

**ANSWER:**   Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15.   At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid him wages and benefits, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

**ANSWER:**   Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16.   At all times material herein, Plaintiff have been entitled to the rights, protections and benefits provided under the AMWA.

**ANSWER:**   Defendant denies that any AMWA violations occurred and therefore denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant classified Plaintiff as exempt from the overtime requirements of the AMWA.

**ANSWER:** Defendant admits the allegations contained in Paragraph 17 of the Complaint.

18. Defendant paid Plaintiff a piece rate of $250 per truck recovered, plus $0.50 per mile traveled in the truck.

**ANSWER:** Defendant admits that it paid Plaintiff a flat rate of $250 per truck recovered and $0.50 per mile but denies that these rates were the sole basis of Plaintiff's compensation.

19. Plaintiff regularly worked more than forty hours per week.

**ANSWER:** Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Plaintiff tracked his time driving the recovered trucks in an electronic logbook.

**ANSWER:** Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21. However, Defendant did not provide Plaintiff with a timekeeping system by which to keep track of his hours worked other than when he was driving a recovered truck, such as time spent traveling to a truck's location.

**ANSWER:** Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant assigned so much work to Plaintiff that he often could not complete the work in under 40 hours per week.

**ANSWER:** Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant knew or should have known that Plaintiff worked hours over forty in at least some weeks.

**ANSWER:** Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant did not pay Plaintiff an overtime premium for hours worked over forty per week.

**ANSWER:** Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Plaintiff was not paid for days he did not work. In other words, Plaintiffs pay was docked when he worked fewer hours.

**ANSWER:** Defendant denies Plaintiff's pay was docked at any point and therefore denies the allegations contained in Paragraph 25 of the Complaint.

26. Plaintiff did not receive a weekly minimum guarantee pursuant to 29 C.F.R. § 541.604(b).

**ANSWER:** Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Upon information and belief, in some weeks Plaintiff worked so many hours that his constructive hourly rate fell below the statutory minimum.

**ANSWER:** Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Plaintiff regularly drove vehicles which were under 10,000 pounds.

**ANSWER:** Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Plaintiff regularly paid for rental cars, fuel for rental cars and hotel rooms out of his own pocket and submitted his receipts to Defendant for reimbursement.

**ANSWER:** Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant did not always reimbursement Plaintiff for all of his expenses.

**ANSWER:** Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. 29 U.S.C. § 531.35 states, "The wage requirements of the [FLSA] will not be met where the employee 'kicks-back' directly or indirectly to the employer . . . the whole or part of the wage delivered to the employee."[1]

**ANSWER:** Defendant denies the allegations contained in Paragraph 31 of the Complaint and denies the allegations contained in Footnote 1 of the Complaint.

32. Defendant failed to reimburse Plaintiff for the expenses incurred on Defendant's behalf. Plaintiff therefore "kicked back" that amount to Defendant, creating additional minimum wage and overtime violations. *See* 29 C.F.R. § 531.35.

---

[1] The Arkansas Department of Labor "may rely on the interpretations of the U.S. Department of Labor and federal precedent established under the Fair Labor Standards Act in interpreting and applying the provisions of [the AMWA] . . . except to the extent a different interpretation is clearly required." 235.01.1 Ark. Code R. § 112.

**ANSWER:** Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant has deprived Plaintiff of a proper minimum wage, and a proper overtime compensation for all the hours worked over forty per week.

**ANSWER:** Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant knew or showed reckless disregard for whether its actions violated the AMWA.

**ANSWER:** Defendant denies the allegations contained in Paragraph 34 of the Complaint.

### V. CAUSE OF ACTION—VIOLATION OF THE AMWA

35. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

**ANSWER:** Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. At all times relevant to this Complaint, Defendant was Plaintiffs "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

**ANSWER:** Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant misclassified Plaintiff as exempt from the requirements of the AMWA.

**ANSWER:** Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. AMWA Sections 210 and 211 require employers to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5 times regular wages for all hours worked over 40 in a week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

**ANSWER:** Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of 1.5 times his regular rate of pay for all hours worked over 40 each week.

**ANSWER:** Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant failed to pay Plaintiff a lawful minimum wage for all hours.

**ANSWER:** Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant's failure to pay Plaintiff wages owed was willful.

**ANSWER:** Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

**ANSWER:** Defendant denies the allegations contained in Paragraph 42 of the Complaint.

## VI. AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint should be dismissed in whole or in part because it fails to state a claim upon which relief can be granted.

2. Plaintiff's Complaint fails to state a claim to relief that is plausible on its face because it fails to allege facts that upon which it could plausibly be concluded the Mr. Brown was entitled to overtime wages.

3. Plaintiff is exempt from the overtime wage provisions of the Fair Labor Standards Act and the Arkansas Minimum Wage Act.

4. The actions of Defendant were in good faith and in conformity with and in reliance on the applicable statutes and administrative regulations, including the applicable federal regulations.

5. Defendant did not willfully violate the Fair Labor Standards Act, Arkansas Minimum Wage Act, or any other applicable law.

6. Plaintiff's claims for damages are barred by the doctrine of payment.

7. Plaintiff's claims should be reduced by the doctrine of set-off.

8. Plaintiff failed to mitigate any damages.

9. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

10. Plaintiff's claims are barred in whole or in part to the extent that alleged time worked is not compensable under the Fair Labor Standards Act and the Arkansas Minimum Wage Act.

11. Some or all of Plaintiff's claims imposing penalties would be inequitable and unjust and are therefore barred because a bona fide dispute exists as to whether additional compensation is due and owning.

12. Plaintiff's claim for declaratory relief is improper.

13. Defendant will rely on all defenses lawfully available to it at the time of trial and reserves the right to amend its answer and affirmative defenses to include additional defenses after the completion of discovery.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests:

A. That Plaintiff be denied all relief and take nothing by way of the Complaint;

B. That judgment be entered against Plaintiff and in favor of Defendant;

C. That Defendant be awarded its attorneys' fees and costs; and

D. That Defendant be awarded all other necessary and proper relief.

Respectfully submitted,

*Kerri E. Kobbeman*
Kerri E. Kobbeman
Ark. Bar No. 2008149
CONNER & WINTERS, LLP
4375 North Vantage Drive, Suite 405
Fayetteville, AR 72703
Phone: (479) 582-5711
Fax: (479) 587-1426
kkobbeman@cwlaw.com

A. Jack Finklea, *pro hac forthcoming*
SCOPELITIS GARVIN LIGHT HANSON
& FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
Phone: (317) 637-1777
Fax: (317) 687-2414
ceckhart@scopelitis.com
jfinklea@scopelitis.com

Andrew R. Brehm, *pro hac forthcoming*
SCOPELITIS GARVIN LIGHT HANSON
& FEARY, P.C.
330 East Kilburn Avenue, Suite 827
Milwaukee, WI 53202
Phone: (414) 219-8500
Fax: (414) 278-0618
abrehm@scopelitis.com

Attorneys for Defendant,
TRANSCO LINES, INC.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 6th day of April, 2023, upon electronically filing the foregoing document, a copy of same was served on all counsel of record via the court's ECF system.

*Kerri E. Kobbeman*
Kerri E. Kobbeman

4854-5185-6215, v. 3