IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CODY BROWN**                                                                                          **PLAINTIFF**

vs.                                        Case No. 4:23-cv-307-JM

**TRANSCO LINES, INC.**                                                                       **DEFENDANT**

## MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION AND INCORPORATED BRIEF IN SUPPORT

Plaintiff Cody Brown ("Plaintiff"), by and through his attorneys, Daniel Ford and Josh Sanford of Sanford Law Firm, PLLC, and for his Motion to Remand for Lack of Subject Matter Jurisdiction and Incorporated Brief in Support does state as follows:

1. On January 26, 2023, Plaintiff filed his Complaint in Pulaski County Circuit Court against Defendant Transco Lines, Inc. ("Defendant") for violations of the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. §11-4-201, *et seq.* ("AMWA").

2. This action is currently pending in that Court as Case No. 60CV-23-674.

3. On March 30, 2023, Defendant filed its Notice of Removal of this action from the Circuit Court of Pulaski County to this Court pursuant to 28 U.S.C. § 1441 and 1446. (ECF No. 1).

4. Defendant claims that this Court has original jurisdiction over this action under 28 U.S.C. § 1331 based on the assertion that there was a federal claim.

5. However, Plaintiff brought this action based on Defendant's violation of the AMWA only. The Complaint does not state a federal claim, nor does it allege diversity of citizenship. Nowhere in his Complaint does Plaintiff allege violation of the Fair Labor Standard Act. And, the CFR regulations mentioned in Plaintiff's Complaint were used for interpretation purposes only as allowed by the Ark. Admin. Code 235.01.1-112.

6. As such, this Court lacks subject matter jurisdiction over this action and this matter is therefore not removable to this Court and should be remanded to the Circuit Court of Pulaski County, Arkansas, pursuant to 28 U.S.C. § 1447(c).

7. Because there is no basis for removal of this case to the federal courts, Plaintiff requests that this Court grant his Motion to Remand for Lack of Subject Matter Jurisdiction, and that this Court award Plaintiff costs and his attorney's fees incurred as a result of Defendant's removal of this case.

8. Plaintiff incorporates his Brief in Support.

WHEREFORE, Plaintiff respectfully requests that this Court grant his Motion to Remand for Lack of Subject Matter Jurisdiction and remand this action back to the Circuit Court of Pulaski County, Arkansas, an award of fees, and all other relief to which the Court may find her entitled.

## BRIEF IN SUPPORT

Plaintiff filed his Complaint in Pulaski County Circuit Court on January 26, 2023, alleging that Defendant violated the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. §11-4-201, *et seq*. In the Complaint, Plaintiff stated the cause of action alleged and the facts supporting such cause of action arose in the state of Arkansas, and that Pulaski County Circuit Court had subject matter jurisdiction over

the claims. On March 30, 2023, Defendant filed its Notice of Removal pursuant to 28 U.S.C. § 1446, claiming that this Court has original jurisdiction because Plaintiff's claims allegedly arise under the laws of the United States.

"The district courts of the United States ... are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (internal quotations omitted). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). A claim may be removed to federal court only if it could have been brought in federal court originally; thus, the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331. *Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996). Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction").

The party invoking jurisdiction bears the burden of proof that the prerequisites to jurisdiction are satisfied. *Green v. Ameritrade, Inc.*, 279 F.3d 590, 595 (8th Cir. 2002); *In re Bus. Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir. 1993). Removal statutes must be strictly construed because they impede upon states' rights to resolve controversies in their own courts. *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002). A district court is required to resolve all doubts about federal jurisdiction in favor of remand. *Bates v. Mo. & N. Ark. R.R. Co.*, 548 F.3d 634, 638 (8th Cir. 2008); *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010).

Here, Defendant misinterpreted Plaintiff's Complaint. In its Notice of Removal, Defendant states that Plaintiff alleged violation of federal statutes and regulations in paragraphs 26, 31 and 32 of Plaintiff's Complaint. (ECF 1, ¶ 6). Yet, Plaintiff did not do so. First, Plaintiff's Complaint does not cite or allege violations of any federal statutes. Secondly, the only reason Plaintiff cites Code of Federal Regulations is for interpretation purposes only as allowed by the Ark. Admin. Code 235.01.1-112, which states "[t]he division may rely on the interpretations of the U. S. Department of Labor and federal precedent established under the Fair Labor Standards Act in interpreting and applying the provisions of the [Arkansas Minimum Wage] Act." Furthermore, to avoid any confusion, Plaintiff explained this in his Complaint by inserting a specific footnote. (*See* ECF 1, Ex. A, ¶ 31, Footnote 1). Further look at Plaintiff's Complaint suggests this matter raises a single state law claim, a violation of the AMWA, and no federal question appears on the face of the Complaint.

Thus, Defendant failed to meet its burden of proof, this Court lacks subject matter jurisdiction, and the case must be remanded back to Pulaski County Circuit Court, Arkansas.

Respectfully submitted,

**PLAINTIFF CODY BROWN**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Daniel Ford*
Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, Daniel Ford, do hereby certify that on June 20, 2023, a true and correct copy of the foregoing MOTION TO REMAND was served via the CM/ECF electronic filing system to the attorneys of record listed below on the following persons:

Kerri E. Kobbeman, Esq.
CONNER & WINTERS, LLP
4375 North Vantage Drive, Suite 405
Fayetteville, AR 72703
Phone: (479) 582-5711
Fax:(479) 587-1426
kkobbeman@cwlaw.com

A. Jack Finklea, Esq.
SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
Phone: (317) 637-1777
Fax: (317) 687-2414
jfinklea@scopelitis.com

Andrew R. Brehm, Esq.
SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.
330 East Kilburn Avenue, Suite 827
Milwaukee, WI 53202
Phone: (414) 219-8500
Fax:(414) 278-0618
abrehm@scopelitis.com
Attorneys for Defendant

                                      */s/ Daniel Ford*
                                      Daniel Ford