IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| CODY BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-cv-00307-JM |
| ) | |
| TRANSCO LINES, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION
TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION**

On March 30, 2023, Defendant, Transco Lines, Inc. (Transco Lines), properly removed the instant action to federal court based on federal question jurisdiction under 28 U.S.C. § 1331. ECF No. 1. On June 21, 2023, Plaintiff Cody Brown (Plaintiff) filed his Motion to Remand for Lack of Subject Matter Jurisdiction, claiming that his complaint does not advance federal law claims. ECF No. 11. In doing so, Plaintiff ignores his illegal kickback claim under the Fair Labor Standards Act (FLSA) where he asserts that Transco Lines "create[ed] additional minimum wage and overtime wage violations" by "fail[ing] to reimburse Plaintiff for expenses incurred on Defendant's behalf" under 29 C.F.R. § 351.35. (ECF No. 2, ¶¶ 29-33.) While, as Plaintiff alleges, federal law recognizes illegal kickback of wages claims under the FLSA, Arkansas law does not. Plaintiff's complaint plainly brings a claim under federal law, and, accordingly, the Court has subject matter jurisdiction over the matter.

I.     **Argument**

    A.     **This Court has Federal Question Jurisdiction over the Case.**

A case can be removed from state court to federal court only if the case could have originated in federal court. *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014). "Federal courts have federal question jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." *Steinbuch v. Univ. of Arkansas*, No. 4:16-CV-622 KGB, 2017 WL 3723653, at *2 (E.D. Ark. Aug. 29, 2017) (citing 28 U.S.C. § 1331).

Subject matter jurisdiction is determined by examining the operative complaint. *Steinbuch*, 2017 WL 3723653, at *2 (E.D. Ark. Aug. 29, 2017). "Under the well-pleaded complaint rule, federal question jurisdiction exists 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Lyles v. Wren*, No. 2:23CV00051-JM, 2023 WL 3318695, at *1-2 (E.D. Ark. May 9, 2023) (quoting *Minnesota by Ellison v. Am. Petroleum Inst.*, 63 F.4th 703, 709 (8th Cir. 2023).

Further, federal jurisdiction can exist when "state-law claims implicate significant federal issues." *Holbein v. Baxter Chrysler Jeep, Inc.*, 948 F.3d 931, 935 (8th Cir. 2020) (citing *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). In certain cases, federal question jurisdiction exists even when only state-law claims are raised on the face of the complaint:

> Federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.

*Gunn v. Minton*, 568 U.S. 251, 258 (2013) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g and Mfg.*, 545 U.S. 308 (2005)).

2

### B. Plaintiff's Complaint Plainly Advances Federal Law Claims.

The operative complaint here explicitly states a federal law claim, giving rise to federal question jurisdiction. Specifically, Plaintiff alleges:

> 29. Plaintiff regularly paid for rental cars, fuel for rental cars and hotel rooms out of his own pocket and submitted his receipts to Defendant for reimbursement.
>
> 30. Defendant did not always reimbursement Plaintiff for all of his expenses.
>
> 31. 29 U.S.C. § 531.35 states, "The wage requirements of the [FLSA] will not be met where the employee 'kicks-back' directly or indirect to the employer . . . the whole or part of the wage delivered to the employee.
>
> 32. Defendant failed to reimburse Plaintiff for the expenses incurred on Defendant's behalf. Plaintiff therefore "kicked back" that amount to Defendant, creating additional minimum wage and overtime wage violations. *See* 29 C.F.R. § 531.35.

ECF No. 2, ¶¶ 29-33.

The plain language of Plaintiff's allegations advance an illegal kickback of wages claim under the FLSA. In making these allegations, Plaintiff quotes and references the illegal kick-back provisions of the FLSA. This provision explicitly refers to violations of the FLSA. It is a federal law claim. It follows that other district courts have recognized that allegations of violations of these provisions are claims that give rise to federal question jurisdiction. *Hollis v. R & R Restaurants, Inc.*, 2022 WL 1303263, at *1 (D. Or. May 2, 2022) (noting that "Plaintiff alleges four violations of the Fair Labor Standards Act ("FLSA"): failure to pay minimum wages (29 U.S.C. § 206), requiring illegal kickbacks (29 C.F.R. § 531.35), unlawfully taking tips (29 U.S.C. § 203), and forced tip sharing (29 C.F.R. § 531.35)" and declaring that the "court has federal question jurisdiction over these claims."); *Meatheney v. Arts Performing Ctr., LLC*, 2022 WL 912144 (E.D. Wis. Mar. 29, 2022) (finding federal question jurisdiction where "[t]he plaintiff [] raised claims under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and the regulations that

support that federal statute", including a claim of illegal kickback of wages under 29 C.F.R. § 531.35.)

Plaintiff's assertion that he brings only state law claims is strained. Arkansas state law has not adopted an illegal kick-back of wages law similar to the FLSA and 29 C.F.R. § 531.35. And, no published decision from an Arkansas state court has even cited 29 C.F.R. § 531.35. Put differently, Plaintiff's allegations in Paragraphs 29-33 can only be applied to a claim under the FLSA's wage kickback provisions.

Assuming *arguendo* that Plaintiff advances only state law claims – which he does not – these state law "additional minimum wage and overtime wage violations" (ECF No. 2, ¶ 33) are entirely premised on the FLSA's kickback provision. Under *Gunn*, the Court would have federal question jurisdiction here too because: (1) a question of federal law – Transco Line's compliance with 29 C.F.R. § 531.35 and the FLSA's illegal kickback of wages provision – is necessarily raised, (2) the issue is actually disputed (*see* ECF No. 5, ¶¶ 29- 33), (3) the claim is substantial, and (4) this Court can resolve Plaintiff's illegal kickback claims without disrupting the federal-state balance approved by Congress.

Ultimately, a cursory review of the Complaint reveals that – contrary to Plaintiff's arguments – allegations of an FLSA violation and specifically cites to federal regulations interpreting the FLSA to prop up the claim. Plaintiff's attempt to jettison subject matter jurisdiction by now claiming he is not asserting claims under the FLSA is misplaced. Plaintiff may now wish to abandon his federal law claim, but he has not done so. The analysis for federal question jurisdiction looks to the operative complaint. Federal question jurisdiction existed at the time of removal and continues to exist under the operative complaint. Plaintiff's post facto assertion does not alter the conclusion that this Court has subject matter jurisdiction over the claims.

## II.     Conclusion

In his operative complaint, Plaintiff asserts a claim for illegal kickback of wages under the FLSA. To support this claim, he quotes and cites to a federal regulation that explicitly applies to the FLSA and has not been adopted directly or indirectly by Arkansas law. The claim is a federal law one, and, as such, this Court has federal question jurisdiction under 28 U.S.C. § 1331.

Defendant respectfully requests that Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction be denied.

Dated: July 5, 2023

Respectfully submitted,

/s/ Andrew R. Brehm
Andrew R. Brehm
Admitted *pro hac vice*
SCOPELITIS GARVIN LIGHT
HANSON & FEARY, P.C.
330 E Kilbourn Avenue, Suite 827
Milwaukee, WI 53202
414-219-8500
414-278-0618 (fax)
Email:  abrehm@scopelitis.com

Alvin Jackson Finklea, III
Admitted *pro hac vice*
SCOPELITIS GARVIN LIGHT
HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
317-637-1777
317-687-2414 (fax)
Email:  jfinklea@scopelitis.com

        Kerri E. Kobbeman
Ark. Bar No. 2008149
CONNER & WINTERS, LLP
4375 N. Vantage Drive, Suite 405
Fayetteville, AR  72703
479-582-5711
479-587-1426 (fax)
Email:  KKobbeman@cwlaw.com

ATTORNEYS FOR DEFENDANT
TRANSCO LINES, INC.

4888-0668-2989, v. 1