IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CODY BROWN,**                                                                                                   **PLAINTIFF**

**v.**                                   **CASE NO**. 4:23CV00307 - JM

**TRANSCO LINES INC,**                                                                                            **DEFENDANT**

**FINAL SCHEDULING ORDER**

Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED:

1. **TRIAL DATE** - This case is scheduled for **BENCH TRIAL** before Judge James M. Moody Jr. commencing at 9:15 a.m. sometime during the week of **September 16, 2024**, in Courtroom #4A, Richard Sheppard Arnold United States Courthouse, 500 West Capitol, Little Rock, Arkansas.

2. **ADDITION OF PARTIES/AMENDMENT OF PLEADINGS** - The deadline for seeking to add additional parties and amend pleadings shall be as soon as practicable, but in any event, no later than **May 9, 2024**. All motions to amend must comply with Local Rule 5.5(e).

3. **DISCOVERY** - All discovery will be completed no later than **June 10, 2024**. All discovery requests and motions must be filed sufficiently in advance of that date to allow for a timely response. Witnesses and exhibits not identified in response to appropriate discovery may not be used at trial except in extraordinary circumstances. The parties may conduct discovery beyond this date if all parties are in agreement to do so; but, the Court will not resolve any disputes in the course of this extended discovery.

   **Expert Witness Disclosures** are governed by Fed. R. Civ. P. 26(a)(2)(D). If the parties want a different schedule for expert witness disclosures, they can file a motion to amend this Order.

   A discovery motion should not be filed until counsel make a good faith effort to resolve the discovery dispute. Upon the filing of such motion, a response shall be filed promptly. A conference call will thereafter be scheduled to resolve such matters if the Court deems it necessary. The Court will not grant a continuance because a party does not have time in which to depose a witness, expert or otherwise.

4. **MOTION DEADLINE** - All motions, with the exception of motions in limine, shall be filed on or before **July 3, 2024**. The parties are directed to provide the Court with a paper copy, indexed and bound, of all motions, responses, replies, briefs, and supporting exhibits which exceed thirty (30) pages. Motions for Summary Judgment shall comply with Fed. R. Civ. P. 56 and Local Rules 7.2 and 56.1. Motions in limine shall be filed on or before **September 5, 2024**, and responses thereto shall be filed seven (7) days thereafter. Any motions submitted after this deadline may be denied solely on the basis of having been untimely filed. Daubert related motions must be filed by the motion deadline and shall not be filed as motions in limine.

5. **FORMAT OF SUMMARY JUDGMENT STATEMENT OF FACTS PURSUANT TO LOCAL RULE 56.1** - In opposing a motion for summary judgment, the non-moving party shall format her statement of disputed (and undisputed) material facts pursuant to Local Rule 56.1 as follows. The non-

moving/opposing party shall first respond paragraph by paragraph to the statement of undisputed material facts submitted by the moving party. The non-moving opposing party shall format the responsive portion of her statement like Requests for Admission. That is, she should repeat the statement verbatim as set forth in the moving party's statement and respond to it by admitting the statement or pointing out that portion of the statement, if any, she disputes. By way of example the first paragraph of a non- moving/opposing party Local Rule 56.1 statement might read as follows:

**Moving Party: 1. "Plaintiff began working for Defendant Employer in March of 2000."**
**Response:** 1. Plaintiff, as the non-moving party, will either admit or deny this allegation. If denied, Plaintiff will state with particularity that portion of the allegation denied, citing to any evidentiary support for the denial. After responding paragraph by paragraph to the moving party's statement of undisputed material facts in this fashion, the non-moving/opposing party may identify additional material facts as to which it contends a genuine issue exists for trial.

6. **STATUS REPORT** - A status report will be filed with the Clerk's Office on or before **July 23, 2024**. The report shall include the date of any mediation conducted or scheduled, the present settlement prospects, and an estimate of the length of trial. If both parties desire to participate in a settlement conference before the Magistrate Judge they should inform the Court in this report.

7. **PRETRIAL DISCLOSURE SHEET [FED.R.CIV.P. 26(a)(3)]** - Please file the information requested in the pretrial disclosure sheet with the Clerk with copies to opposing counsel no later than **August 19, 2024**. The pretrial disclosure sheets are to be filed simultaneously by the parties according to the outline contained in Local Rule 26.2. The Court's requirement that witnesses and exhibits be listed on the pretrial disclosure sheet does not relieve a party of the obligation to provide the names of witnesses and exhibits in a timely manner pursuant to outstanding interrogatories or admissions.

8. **EVIDENTIARY DEPOSITIONS** - The proffering party must designate the pertinent portions of an evidentiary deposition by **August 19, 2024**. Counter-designations must be made by **August 27, 2024**. **Designations and Counter- designations are not to be filed with the Clerk's office, instead the documents should be mailed to Chambers or by e-mail to jmchambers@ared.uscourts.gov.** Objections to any deposition or video tapes which will be used at trial must be made by written motion indicating the specific objection and its legal basis by **August 30, 2024**, with the response due **September 2, 2024**. Depositions to be read at trial shall be marked as exhibits.

9. **TRIAL BRIEF AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** - The parties shall simultaneously submit to the Court on or before **September 6, 2024** trial briefs summarizing the anticipated factual and legal issues in the case. In the briefs, the parties shall suggest to the Court any evidentiary issues that are expected to arise during trial and brief the law concerning the proper resolution to those issues. **These documents are not to be filed with the Clerk's office, instead the documents should be mailed to Chambers or by e-mail to jmchambers@ared.uscourts.gov.**

10. **STIPULATIONS** - The Court directs that all parties stipulate in writing the facts not in controversy seven (7) days prior to the trial date.

11. **INTRODUCTION OF EXHIBITS** - So that the introduction of exhibits may be handled expeditiously, the Court directs that all exhibits are to be listed in numerical sequence and completed before the trial date. Exhibits are to be made available to all parties and reviewed by counsel prior to the trial date. The lists shall be submitted to the Courtroom Deputy prior to the trial commencing with notations made on the

Court's copy as to which exhibits there is an objection. The Court will receive all stipulated exhibits at the beginning of trial.

Please communicate with Kacie Glenn, Courtroom Deputy, at 501.604.5150 or kacie_glenn@ared.uscourts.gov to ascertain your position on the calendar as the trial date approaches. In the event of settlement, please advise Ms. Glenn immediately. The case will not be removed from the trial docket until an order of dismissal has been entered.

DATED: Friday, July 7, 2023

AT THE DIRECTION OF THE COURT
Tammy H. Downs, Clerk

By: *Kacie Glenn*
         Deputy Clerk